IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-51063
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CARLA C. MODLIN,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CR-407-ALL
--------------------
August 23, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

Carla C. Modlin appeals her sentence of 124 months'
imprisonment after pleading guilty to count one of the
superseding indictment charging her with causing serious bodily
injury to a child under 14 in violation of a Texas statute
assimilated into federal law under the Assimilative Crimes Act,
18 U.S.C. § 13(a) and Tex. Penal Code § 22.04. She argues that
she unlawfully received a sentence of ten years and four months
in violation of the Act. She contends that she could not have
received more than ten years' imprisonment for causing bodily

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

injury, not serious bodily injury, if she had been convicted under Texas law. She also argues that the district court erred by double counting the age of the child in calculating her guideline sentence. The Government argues that Modlin waived her right to appeal her sentence in her plea agreement. Modlin did not address the waiver-of-appeal provision in her original brief, and she has not filed a reply brief responding to the Government's argument.

A defendant may, as part of a valid plea agreement, waive his statutory right to appeal his sentence. United States v. Melancon, 972 F.2d 566, 568 (5th Cir. 1992). To be valid, the waiver must be an informed one. Id. When the record clearly shows that the defendant read and understood the plea agreement and that he raised no question regarding the waiver-of-appeal provision, the plea agreement is upheld. United States v. Portillo, 18 F.3d 290, 292-93 (5th Cir. 1994).

At the Rule 11 hearing, Modlin swore that she had read and understood the plea agreement and that she had voluntarily signed it. The district court specifically referred to the waiver-of-appeal provision contained in the plea agreement and asked Modlin whether she understood that she had given up her right to appeal her conviction or sentence except under very limited circumstances, and Modlin responded that she understood. There is nothing in the record to indicate that Modlin did not understand or was confused by the waiver-of-appeal provision. The record shows that Modlin knowingly and voluntarily waived her

right to appeal her sentence in her plea agreement.  <u>Portillo</u>, 18 F.3d at 292-93.

AFFIRMED.